**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONALD SHUMPERT,

        Petitioner,

v.                                          Case No: 16-11565

THOMAS WINN,

        Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY, AND DENYING AS MOOT
PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

Donald Shumpert, a Michigan state prisoner, has filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. He challenges his convictions for carjacking, conspiracy to commit carjacking, armed robbery, possession of a firearm during the commission of a felony, resisting and obstructing, fleeing and eluding, and carrying a concealed weapon. Respondent has filed a motion to dismiss on the ground that the petition was not timely filed. The court finds that the petition is untimely and grants Respondent's motion. The court also declines to issue a certificate of appealability.

**I. BACKGROUND**

Following a jury trial in Washtenaw County Circuit Court, Petitioner was convicted and sentenced as follows: 15 to 30 years' imprisonment for the carjacking, armed robbery, and conspiracy to commit carjacking convictions; 40 to 60 months' imprisonment for the carrying a concealed weapon and fleeing and eluding convictions;

and 12 to 24 months' imprisonment for resisting and obstructing. The sentences were imposed to run concurrently with one another, but consecutively to two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences but remanded to the trial court for correction of the judgment of sentence because, under state law, only the armed robbery and carjacking sentences should have been imposed consecutively to the felony-firearm sentence; the conspiracy, carrying a concealed weapon, and resisting and obstructing sentences should have been imposed to run concurrently with the felony-firearm sentence. *People v. Shumpert*, No. 292634, 2010 WL 4226610, *3 (Mich. Ct. App. Oct. 26, 2010). The Michigan Court of Appeals noted that while the judgment of sentence required correction, Petitioner's earliest release date was not affected by the sentence. *Id.*

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on April 25, 2011. *People v. Shumpert*, 489 Mich. 897 (Mich. 2011).

On April 10, 2012, Petitioner filed a *habeas corpus* petition concerning the same convictions he challenges in the pending petition. Petitioner then sought a stay of the proceedings to allow him to exhaust his claims in state court. On September 16, 2013, the court denied the motion for stay and dismissed the petition without prejudice because sufficient time remained in the one-year limitations period to allow Petitioner to exhaust his claims in state court and then return to federal court and file a new *habeas corpus* petition. *Shumpert v. Palmer*, No. 12-11718, 2013 WL 5211889 (E.D. Mich.

Sept. 16, 2013) (Rosen, J.).

Petitioner filed a motion for relief from judgment in the trial court on December 14, 2013. The trial court denied the motion. (*See* Dkt. #11-14.) The Michigan Court of Appeals denied Petitioner's application for leave to appeal the trial court's decision. (*See* Dkt. #11-17.) The Michigan Supreme Court also denied leave to appeal. *People v. Shumpert*, 499 Mich. 855 (Mich. Feb. 2, 2016).

The pending *habeas* petition was filed on April 13, 2016. (Dkt. #1.)

## II. DISCUSSION

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all *habeas* petitions filed after its effective date, April 24, 1996, and imposes a one-year limitations period for *habeas* petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal *habeas corpus* petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) & (D). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not reset the limitation period at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his

application for leave to appeal on April 25, 2011. Petitioner had ninety days from that date to file a petition for writ of *certiorari* with the United States Supreme Court, which he did not do. Thus, his conviction became final on July 25, 2011, when the time period for seeking *certiorari* expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of *certiorari* for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of *certiorari* in the United States Supreme Court is not counted toward the one-year limitations period applicable to *habeas corpus* petitions. *Id.* at 285. Accordingly, the limitations period commenced on July 26, 2011. Petitioner filed his first *habeas corpus* petition on April 10, 2012. The court assumes without deciding that the filing of this petition equitably tolled the limitations period with 106 days remaining. The court dismissed the first *habeas* petition without prejudice on September 16, 2013. *Shumpert*, 2013 WL 5211889 at *3. The limitations period resumed running on September 17, 2013. Petitioner filed a motion for relief from judgment in the trial court on December 14, 2013. This properly filed application for state post-conviction relief tolled the limitations period with only 18 days remaining. *See Wall v. Kholi,* 562 U.S. 545, 550 (2011). The limitations period resumed running on February 3, 2016, when Petitioner's application for post-conviction relief was no longer pending in state court. The limitations period expired on February 21, 2016. Petitioner did not file the pending *habeas* petition until April 13, 2016, fifty-two days after the limitations period expired.

      Petitioner argues that the limitations period should be equitably tolled because he is actually innocent. The Supreme Court has held that a showing of actual innocence

overcomes AEDPA's statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To determine whether a petitioner has satisfied the requirements for establishing a cognizable claim of actual innocence to warrant equitable tolling, the court applies "the same actual innocence standard developed in *Schlup v. Delo*, 513 U.S. 298 (1995), for reviewing a federal *habeas* applicant's procedurally defaulted claim." *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 596 (6th Cir. 2005)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* at 538 (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (quoting *Schlup*, 513 U.S. at 329). This standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt–or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

Petitioner's actual innocence claim rests upon his own statements that he is

5

innocent and a claim that, had his attorney performed competently, prosecution witness Jarvis Dixson would have testified that he could not identify Petitioner as the perpetrator. His self-serving claim of innocence does not constitute the new reliable evidence needed to support an actual innocence claim. *See McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) ("A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause."). Neither does his claim regarding Jarvis Dixson present a credible claim of actual innocence. Jarvis Dixson testified that two men robbed him at gunpoint of his watch and keys. After the men drove away in Dixson's Chevrolet Suburban, Dixson called 911 and reported that the perpetrators had been driving a white Impala before they stole his vehicle. Police located the Suburban and Impala on I-94. The driver of the Impala pulled over. The driver of the Suburban did not. Eventually, police set up a roadblock and stopped the Suburban. Petitioner attempted to flee the vehicle, but police caught him and took him into custody. Dixson was not asked to identify the perpetrator on direct or cross-examination. Petitioner claims his attorney should have asked Dixson whether he could identify Petitioner as the perpetrator and that, had he done so, Dixson would not have identified Petitioner. This is not new evidence–Petitioner raised this claim on direct review in the Michigan Court of Appeals. It also is not evidence of actual innocence. Petitioner offers no proof that Dixson would have testified that Petitioner was not the perpetrator other than his own statement that Dixson would not have identified him. This conclusory, self-serving statement falls far short of the actual innocence standard. The petition is therefore time-barred.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed

unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the court denies a certificate of appealability.

### IV. CONCLUSION

IT IS ORDERED that Respondent's Motion to Dismiss (Dkt. #10) is GRANTED. A separate judgment shall issue.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Evidentiary Hearing (Dkt. #12) is DENIED as moot.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: March 28, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 28, 2017, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (810) 292-6522